WATKINS, Judge,
dissenting.
In my opinion the award should include future loss of earnings. Dr. Ian John Reyn *570 olds, the orthopedic surgeon who attended and operated upon Ms. Guillory, testified that Ms. Guillory had a maximum of 90 degree motion in the right knee, having lost 30 to 40 degrees of motion, and that she walked with a limp. He testified that under the Guides to the Evaluation of Permanent Impairment published by the AMA she had a 21% impairment of the lower extremity. He stated further that she should not lift over 25 pounds at one time, or do work that required careful maneuvering, as would be required if she were to seek employment as a waitress. As Ms. Guillory testified, most of her prior employment experience was outdoor work which required physical exertion. I doubt that she would be able to return to her prior modes of employment.
Although Ms. Guillory had undergone a considerable turnover in prior employment, past earnings are not a determinative factor in assessing damages for future loss of earnings. Rather, the earning ability of the injured party before the injury is to be compared with the earning ability subsequent to injury. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). Under that test, Ms. Guillory should be awarded damages for future loss of earnings, in addition to the other items of damage awarded.
I respectfully dissent.